## Election in First Ward of Canonsburg

Before DiSalle and Simmons, JJ.

*Joseph P. Moschetta,* for Anita Hanna.

*George E. Anthou,* for Lee Mason.

PER CURIAM, July 25, 1973.—This matter is before us on exceptions filed by Anita Hanna, candidate for

office of assessor in the Borough of Canonsburg to the report filed by the recount board and provisionally approved by President Judge Charles G. Sweet on June 27, 1973.

Initially, five ballots were contested. Of these five ballots, two were counted by the board in favor of Anita Hanna, they being exhibits A and C. And one, exhibit B, was counted by the board in favor of the other candidate for assessor, Lee R. Mason. With respect to exhibit A, the marking, at first glance, does appear to resemble a Y, but on closer inspection, it is clear that the voter intended to make, and did make a complete slash through the opposite line. We, therefore, affirm the recount board in counting this ballot exhibit A for Anita Hanna.

With respect to exhibit C, the marking in the block for Anita Hanna contains an additional slash across the usual X. We again feel that the voter's intention to vote for Anita Hanna is clear and the ballot is not identifiable, and, therefore, affirm the recount board in counting this ballot for Anita Hanna.

Anita Hanna objects to the ballot marked exhibit B, which was counted by the board for Lee R. Mason, for the reason that the slash marks of the X extend beyond the block. We note that every X made by this voter on his or her ballot was made in a similar fashion, and, therefore, affirm the action of the recount board in counting this vote for Lee R. Mason, inasmuch as the voter's intention is clear and the ballot is not identifiable.

The next two ballots, (exhibits D and E), are more troublesome. Both of these ballots were challenged at the recount by candidate Mason, and neither ballot was counted. Both ballots contain markings in the appropriate block for Anita Hanna. The ballot marked exhibit E is marked in pencil and contains no X's or

check marks. Instead, the voter made a series of diagonal slash marks close together, which made a slash mark about one-sixteenth of an inch to one-eighth of an inch in width. However, these slash marks were uniformly made in each block in the appropriate place on the ballot. Each slash mark runs from the lower left corner of the block to the upper right corner of the block. We think that the ballot exhibit E should have been counted as a vote for Anita Hanna, and incidentally, for each candidate whose block contains a similar mark.

In the case of Mellody Appeals, 449 Pa. 386 (1972), the Supreme Court of Pennsylvania held where the voter blocked out or completely filled in with ink the appropriate block or blocks for voting, rather than placing an X or a check mark in the appropriate block; nevertheless, that said ballots were valid. In the absence of a clear showing that the filling in of the blocks was for the purpose of making the ballots identifiable, and especially in light of the fact that the markings in each block were uniform, even though they do not conform to the check mark and X which are required by the instructions on the ballot, such markings have been approved as valid by the Supreme Court. We note parenthetically that the court also held in the Mellody Appeals case that the use of red ink in the marking of the ballot was valid.

The ballot marked exhibit D is even more troublesome. In the block for the office of assessor, there appears an X in the block for Anita Hanna. One slash of the X is in pencil, and the other slash is in blue ink. Every other X on the ballot is in pencil. The counsel for Anita Hanna argues that apparently the pencil broke when the voter reached this block, which is the last office on the ballot, and that rather than get another pencil, the voter used a pen to complete the

X. Counsel for Mason argues that this is an obvious attempt to identify the ballot or that perhaps the pen mark was made by a clerk during the count. Although the trend of the latest Supreme Court cases seems to be strontly in the direction of validating ballots and upholding the voter's right of franchise, it seems clear that in all of these cases the major thread was that the ballot was marked in a consistent or uniform way. That is not the case here. The X in the block for Anita Hanna is clearly distinguishable from all the other X's on this ballot. We, therefore, hold that the ballot is identifiable and should not have been counted.

During the course of the hearing, Anita Hanna took the stand and testified that there were two ballots (in addition to the five above considered, exhibits A, B, C, D and E), which should have been counted for her, on the basis of write-ins. We ordered our election office to search for these ballots and report back to the court. The ballots were found and exhibited to counsel for Anita Hanna; and after examining the same, he has chosen to withdraw his challenge to those two ballots. They will, therefore, not be considered. It is ordered that a copy of the letter of Anita Hanna's attorney and the attachments thereto shall be filed herewith as a part of the record in this case.

## ORDER

And now, July 25, 1973, it is hereby ordered that the return and report of the recount board dated June 27, 1973, be corrected to read as follows:

Lee R. Mason—353 votes

Anita Hanna — 351 votes